UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Novelis Corporation,** | ) | Case No. 1:06cv2257 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Anheuser-Busch, Inc.,** | ) | **AND ORDER** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Defendant Anheuser-Busch, Inc. ("Defendant") filed a motion to compel compliance with its subpoena *duces tecum* to non-party witness, Alcan Corporation ("Alcan Corp.") on May 4, 2007 [Docket No. 42]. Alcan Corp. opposed this motion [Docket No. 53], and this Court referred the matter to Magistrate Judge Hemann for resolution of the discovery dispute. On June 7, 2007, Magistrate Judge Hemann's Order ("Initial Order") granted in part and denied in part Defendant's motion to compel [Docket No. 58]. Pursuant to Local Rule 72.3, Alcan Corp. filed an objection to the Initial Order on June 21, 2007 [Docket No. 59]. After Alcan Corp. filed its objection, Magistrate Judge Hemann revised her order to address it in its entirety to Alcan Corp. ("Revised Order") on July 5, 2007 [Docket No. 63].

For the reasons that follow, Alcan Corp.'s objection is OVERRULED.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The facts forming the foundation of the present objection grow out of an allegation of contract breach.[1]  U.S.-based Novelis Corporation ("Plaintiff"), formerly known as Alcan Aluminum Corporation ("Alcan Aluminum"), alleges that Defendant failed to engage in good faith renegotiations of certain contract terms, as required by a particular provision of the contract at issue between Plaintiff and Defendant.

Plaintiff is a spin-off company of Alcan Incorporated ("Alcan, Inc."), a Canadian aluminum company with global interests and affiliates.  Shortly after Alcan Aluminum, a subsidiary of Alcan Inc., and Defendant executed the contract at issue in June of 2004, Alcan Inc. completed a spin-off of its rolled aluminum products operations on January 6, 2005 to its newly-formed Novelis Inc., and Alcan Aluminum was renamed Novelis Corporation, a subsidiary of Novelis Inc.[2]

Plaintiff filed the instant action on September 19, 2006, and the parties have since begun to engage in discovery.  Through its November 7, 2006 subpoena and subsequent motion to compel, both served on non-party Alcan Corp., Defendant seeks certain documents related to aluminum market conditions, metal price ceilings, Alcan's spin-off of Novelis, and aluminum price hedging.  After four months of discussion regarding production of these documents, Defendant alleges that Alcan Corp. has failed to produce any responsive documents.  The Court referred this discovery dispute to Magistrate Judge Hemann.

After a careful review of the facts, Magistrate Judge Hemann's Initial Order found that Alcan Corp. controls documents in the possession of its parent corporation located in Canada

---

[1] This matter was originally assigned to the Honorable Patricia A. Gaughan.  The action was reassigned to the docket of the Honorable Sara Lioi on March 23, 2007.

[2] For the sake of completeness, the Court notes that Novelis has recently been acquired by Hindalco, another international aluminum company.

(Alcan, Inc.). It further directed Alcan Corp. and Alcan, Inc. to produce specified relevant documents that Defendant seeks. Alcan Corp. filed objections to Magistrate Judge Hemann's Initial Order, noting among other objections that the Order was directed to Alcan, Inc., as well as Alcan Corp. Magistrate Judge Hemann has since issued an Order revising her Initial Order, to require production only from Alcan Corp.

## II.  STANDARD OF REVIEW

Defendant brings the present motion under Local Rule 72.3, which provides:

> (a) Appeal of Non-Dispositive Matters--Fed.R.Civ.P. 72(a). Any party may appeal from a Magistrate Judge's order determining a motion or matter made pursuant to Fed.R.Civ.P. 72(a) within ten (10) days after service of the Magistrate Judge's order. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. The District Judge to whom the case was assigned shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also consider sua sponte any matter determined by a Magistrate Judge under this Rule.

The Court will reverse a magistrate judge's ruling on a non-dispositive motion only if it is clearly erroneous or contrary to law. A finding is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . The test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *JGR, Inc., v. Thomasville Furniture Industries, Inc.*, 2006 WL 456479, 1 (N.D. Ohio 2006), citing *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

In reviewing a magistrate judge's decision to determine whether it is "contrary to law," a

district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an "abuse of discretion" standard. An "abuse of discretion" occurs when a court improperly applies the law or uses an erroneous legal standard. *Id*, at 1, citing *United States v. Taplin*, 954 F.2d 1256, 1258 (6th Cir. 1992) (internal quotation marks omitted).

In its objection, Alcan Corp. argues that the Initial Order is clearly erroneous and contrary to law in that it: a) finds that Alcan Corp. controls documents that its parent, Alcan, Inc. possesses; b) finds that documents relating to Alcan, Inc.'s spin-off, creating Plaintiff, are relevant to this action; and c) directs Alcan Corp.'s parent, Alcan, Inc., to produce documents, although Alcan, Inc. was never served with Defendant's subpoena or motion to compel.

### III. DISCUSSION and LAW

#### A. Alcan Corp.'s Control over the Documents Defendant Seeks

Factors that courts should consider in determining whether a non-party subsidiary has control over documents in the custody of a parent company are: (1) commonality of ownership; (2) exchange or intermingling of directors; (3) the exchange of documents in the ordinary course of business; (4) the non-party's connection to the transaction at issue; (5) any benefit or involvement by the non-party corporation in the litigation; (6) a subsidiary's marketing and/or servicing of the parent company's products; and (7) the financial relationship between the companies. *Halliburton Energy Services, Inc., v. M-I, LLC*, 2006 WL 3085622, 1 (S.D. Ohio 2006).

The Court in *Halliburton* highlighted the difference between control and power. "[C]ontrol means the ability to obtain." *Id* at 1, citing *In re Bankers Trust Co.*, 61 F.3d 465 (6th

Cir. 1995) (internal quotation marks omitted). "If 'control' and 'power' were equivalent terms, application of the above factors would make no sense, since no subsidiary, by definition, would have the power to compel the parent company to do anything." *Id*, at 1.

Upon the defendant's motion to compel a domestic, non-party subsidiary to produce documents in the possession of its parent company located in another country, the *Halliburton* court found that the defendant "tipped the scales in its direction on six of the above seven factors," therefore establishing a "sufficiently close" relationship between parent and subsidiary. As such, the court concluded that the subsidiary's production of the documents to the defendant was warranted, and granted the defendant's motion to compel. *Id*, at 1-2.

Alcan Corp. argues that it, as a subsidiary, does not control Alcan, Inc., its parent, and therefore cannot be compelled to produce documents Alcan, Inc. possesses. This court acknowledges the relationship of these two entities, but underscores the distinction between control *of the parent company*, and control *of the documents* the parent company possesses.

While it is true that Alcan Corp. does not control Alcan, Inc., Magistrate Judge Hemann's analysis of the seven factors in *Halliburton* indicates that Alcan Corp. indeed controls *the documents* that Alcan Inc. possesses.[3] Magistrate Judge Hemann considered all seven factors and reasonably concluded that they favored Defendant.

The Court finds that Magistrate Judge Hemann did not improperly apply the law or use an erroneous legal standard. Additionally, her analysis regarding the control of documents was both reasonable and supported by evidence in the record. As such, the Initial Order on this issue is not clearly erroneous or contrary to law, and will not be reversed. Alcan Corp.'s objection in

---

[3] The Court notes that the *Halliburton* ruling, cited above, was vacated (due to an entry of judgment in the action) before objections thereto were ruled upon. Without any indication that said objections were meritorious, the Court deems the *Halliburton* ruling as having sufficient precedential effect.

this respect is OVERRULED.

### B. Relevance of Documents Related to Spin-off

Alcan Corp. next argues that the documents Defendant seeks regarding Alcan, Inc.'s spin-off of Plaintiff are irrelevant to the underlying alleged contract breach, and, as such, need not be produced in discovery.

Defendant argues, however, that these documents are relevant, in that they relate to a defense it raises: that any "structural change" affecting Plaintiff (allegedly triggering Defendant's contractual obligation to renegotiate certain terms in good faith) resulted from Alcan, Inc.'s own decision to spin-off Plaintiff and its subsequent failure to "hedge," or account for the possibility of potential aluminum price increases, thereby attributing Plaintiff's economic hardships to Alcan, Inc., rather than to any action by Defendant.

Federal Rule of Evidence 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

As previously determined by Judge Gaughan, some terms in the contract at issue, including "structural change," need to be defined in the context of the relationship of the parties in order to determine if such a "structural change" occurred. Memorandum Opinion and Order, at 12-13 [Docket No. 32].

Additionally, the documents Defendant seeks regarding the spin-off will indeed have a tendency to make the existence of a fact of consequence to the determination of the action (whether Alcan, Inc. adequately hedged) more or less probable than without these documents. As such, they are relevant. Magistrate Judge Hemann's conclusion to that effect is not clearly

erroneous or contrary to law, and will not be reversed. Alcan Corp.'s objection on this issue is OVERRULED.

### C. Initial Order Directing to Alcan, Inc. to Produce Documents

After concluding that Alcan Corp. controls the documents Defendant seeks, and that of these, some are relevant and discoverable, the Initial Order directs both Alcan Corp. and Alcan, Inc. produce certain specified documents. The Revised Order, however, directs only Alcan Corp. to produce all the specified documents. Alcan Corp.'s objection on this issue therefore is moot and it is OVERRULED.

### IV. CONCLUSION

For the foregoing reasons, Alcan Corp.'s Objection is **OVERRULED**.

**IT IS SO ORDERED**.


Dated: July 20, 2007 *s/ Sara Lioi*
Sara Lioi
United States District Judge